PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TYREIS FRIEND, | ) | |
| | ) | CASE NO. 4:17CV1684 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| CAPT. WADOLOWSKI, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 10] |

Pending is Defendants' Motion to Dismiss (ECF No. 10). The Court has been advised, having reviewed the record, the parties' briefs,[1] and the applicable law. For the reasons set forth below, the motion is denied.

---

[1] Defendants did not file a reply memorandum in support of the within motion. The memorandum in opposition was served by mail on May 24, 2018. LR 7.1(e) provides:
> . . . the moving party may serve and file a reply memorandum in support of any dispositive motion within fourteen (14) days after service of the memorandum in opposition . . . . If the moving party was served with the memorandum in opposition under Fed. R. Civ. P. 5(b)(2)(C), (D), or (F), three days shall be added to the prescribed period as provided in Fed. R. Civ. P. 6(d).

Defendants' permissive reply memorandum was, therefore, due on June 11, 2018. Thus, the time for filing a reply has elapsed without a reply brief in support of the motion having been filed. *See* LR 7.1(g).

## I. Background

Plaintiff is an inmate at the Southern Ohio Correctional Facility in Lucasville, Ohio. He was previously incarcerated at the Trumbull Correctional Institution ("TCI") in Leavittsburg, Ohio, where the alleged events took place. Defendants Capt. Michael Wadolowski and J. Lewis are Correctional Officers at TCI. Complaint (ECF No. 1) at PageID #: 3.

On the evening of October 21, 2016, Capt. Wadolowski escorted Plaintiff from his cell to the Transitional Placement Unit ("TPU"). ECF No. 1 at PageID #: 3. Capt. Wadolowski was accompanied by C.O. Lewis. ECF No. 1 at PageID #: 4. Plaintiff was handcuffed with his hands behind his back. ECF No. 1 at PageID #: 3.

Plaintiff alleges that Capt. Wadolowski was immediately aggressive. Capt. Wadolowski challenged Plaintiff, asking: "You think you are a tough guy yelling out the doors, huh?" ECF No. 1 at PageID #: 3. As Capt. Wadolowski escorted Plaintiff towards the sallyport exit doors, he shoved Plaintiff into the door with his knee. ECF No. 1 at PageID #: 3-4. Plaintiff, still handcuffed, was unable to protect himself and the left side of his face struck a steel door. Upon reaching the second door, Capt. Wadolowski again shoved Plaintiff, pushing the door open with Plaintiff's body. ECF No. 1 at PageID #: 4.

Plaintiff alleges the abuse continued outside. Capt. Wadolowski tossed Plaintiff over his hip, throwing Plaintiff down onto his back. Capt. Wadolowski rolled Plaintiff face-down, pressing his face into the ground. He pressed his thumbs into Plaintiff's neck, attempting to hit pressure points to cause pain and limit Plaintiff's breathing. Other Correctional Officers hurried

2

(4:17CV1684)

over, and C.O. Lewis pulled Plaintiff back to his feet. Capt. Wadolowski announced to the other officers that Plaintiff may try to spit at them. When Plaintiff turned his head to speak to other inmates witnessing the incident, C.O. Lewis threw him to the ground again. Plaintiff landed on his left side, hitting his face, chest and shoulder on the ground. The officers pulled Plaintiff back to his feet, causing him more pain to his elbow and hyperextending his shoulders. ECF No. 1 at PageID #: 4.

Plaintiff made repeated demands to be taken to medical due to pain in his elbow, back, face, jaw, and neck. Medical staff examined Plaintiff's head and instructed the officers to bring Plaintiff to the TPU. Later that evening, two officers visited Plaintiff in the TPU and photographed his injuries. After further requests from Plaintiff, a nurse came to clean and dress his wounds. After being treated, Plaintiff was returned to his cell. Plaintiff requested and received mental health treatment following the incident as well. He has had approximately 5 mental health appointments related to the incident. ECF No. 1 at PageID #: 4.

Plaintiff made a "Use of Force" written statement on October 22, 2016 while in the TPU. ECF No. 1 at PageID #: 4. Having received no formal response after two weeks, Plaintiff sent his complaint on to Deputy Warden Bowen and was told his grievance had been denied. Plaintiff then filed another grievance with Chief Inspector Frederick, which was also denied. He filed an appeal to the Chief Inspector of the Ohio Department of Rehabilitation and Corrections, but received no response as of the filing of the complaint with this Court. ECF No. 1 at PageID #: 2.

Plaintiff was found guilty of violating several rules by the Rules Infraction Board. ECF No. 1-4 at PageID #: 14-16. He appealed the ruling to the Warden. His appeal was denied. ECF No. 1-4 at PageID #: 17.

A number of inmates witnessed the incident and filed affidavits in support of Plaintiff's version of events. *See* ECF No. 1-4 at PageID #: 37-39. Additionally, Plaintiff claims the incident was captured on video, but he was informed by the Rules Infraction Board that no video footage had been saved for review. ECF No. 1 at PageID #: 5; ECF No. 1-4 at PageID #: 14.

## II. Standard of Review

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Twombly*, 550 U.S. at 564. A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677-78 (quoting Fed. R. Civ. P. 8(a)(2)). Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible

on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Twombly*, 550 U.S. at 556. When a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557 (brackets omitted). "[When] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)). The Court "need not accept as true a legal conclusion couched as a factual allegation or an unwarranted factual inference." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citations and internal quotation marks omitted).

### III. Analysis

Defendants move to dismiss for failure to state a claim. They argue that Defendants are immune from suit under either the Eleventh Amendment or the doctrine of qualified immunity. Defendants further argue that their actions do not violate Plaintiff's Eighth Amendment rights because Plaintiff suffered only *de minimis* injuries and because Defendants' actions were reasonable and necessary under the circumstances.

Defendants argue first that the Eleventh Amendment renders them immune to suit when acting in their official capacity. The Eleventh Amendment, however, does not bar a suit for

(4:17CV1684)

injunctive relief. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 89-90 (1989). Furthermore, the Supreme Court has ruled that when a state official acts in violation of the Constitution "he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct." *Ex Parte Young*, 209 U.S. 123, 160 (1908). Plaintiff may bring an action for damages against Defendants in their personal capacity. *Maben v. Thelen*, 887 F.3d 252, 271 (6th Cir. 2018) (citing *Hafer v. Melo*, 502 U.S. 21, 27 (1991)).[2]

Next, Defendants argue that Plaintiff's injuries are merely *de minimis* and insufficient to establish an Eighth Amendment violation. This lies in direct contradiction to the Supreme Court's ruling in *Wilkins v. Gaddy*, 559 U.S. 34 (2010), which states that the core of an excessive force claim is not "whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Id.* at 37 (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). While the degree of Plaintiff's injury may serve as evidence as to the necessity of the force used, Plaintiff need not suffer non-*de minimis* injury to have a valid complaint. He need only allege that Defendants' actions were meant to cause malicious harm. *Williams v. Curtain*, 631 F.3d 380, 384 (6th Cir. 2011).

---

[2] Defendants' claim Plaintiff, in his amended complaint, "seeks to hold Defendants liable in their official capacities." ECF No. 10 at PageID #: 79. However, Plaintiff has not filed an amended complaint, and Defendants cite to a non-existent document in the case at bar – "Doc. 30-1, PageID #: 135 ¶ 8."

6

(4:17CV1684)

Defendants claim that the use of force was necessary to establish control over Plaintiff. Plaintiff, however, alleges that Capt. Wadolowski shoved him twice into the sallyport doors, causing Plaintiff's face and chest to impact the doors. ECF No. 1 at PageID #: 3-4. He also claims that Capt. Wadolowski initially tripped and tossed him without provocation. ECF No. 1 at PageID #: 4. Taken in the most favorable light, Plaintiff's claims sufficiently allege that Defendants acted to cause Plaintiff harm, rather than in a good faith effort to maintain discipline.

Finally, Defendants claim they are protected by qualified immunity. Government officials are protected from "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The appropriate test, then, is whether Defendants violated a constitutional right, and if the right was clearly established when the violation occurred. S*ee Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Accepting the allegations of the Complaint (ECF No. 1), Defendants used excessive, unprovoked force to cause Plaintiff harm, without a good-faith effort to maintain control, in violation of Plaintiff's well-established Eighth Amendment rights. Defendants are not entitled, at this time, to qualified immunity from this action.

## IV. Conclusion

For the above reasons, Eleventh Amendment immunity does not bar Plaintiff's claims. Viewing the Complaint (ECF No. 1) in the light most favorable to him, Plaintiff has sufficiently alleged that Defendants acted with malice in violation of his right against cruel and unusual

7

(4:17CV1684)

punishment. Plaintiff has properly alleged a claim for a violation of his Eighth amendment rights under 42 U.S.C. § 1983. As Plaintiff has alleged a violation of a well-established Constitutional right, qualified immunity does not apply to Defendants' alleged actions.

Accordingly, Defendants' Motion to Dismiss (ECF No. 10) is denied. The Court will separately issue a Telephonic Case Management Conference Scheduling Order.

IT IS SO ORDERED.

| July 23, 2018 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |